TAYLOR v. THE AETNA CASUALTY & SURETY Co.

5-2264                                          341 S. W. 2d 770

Opinion delivered January 9, 1961.

*Amis Guthridge, Moses, McClellan, Arnold, Owen & McDermott* and *E. M. Arnold,* for appellant.

*Owens, McHaney & McHaney,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Merrill B. Taylor, was the owner of a house in Little Rock on which he purchased from appellee, The Aetna Casualty and Surety Company, a fire insurance policy in the face amount of $8,000. While the policy was in force, on March 28, 1959, a fire occurred which appellant contends resulted in a total loss. Appellee, however,

tendered as settlement an amount less than the face amount of the policy.

Appellant filed suit, alleging that under the provisions of the policy he had suffered a total loss and further alleging that the City of Little Rock had made a determination under the provisions of Ordinance 10907 that the house should be razed and had given appellant, by proper notice, sixty days within which to do so. Trial resulted in a jury verdict for appellant in the amount of $5,000.

During the course of the trial appellant offered in evidence the notice from the City directing him to raze the building and a certified copy of a resolution passed by the City Board of Directors finding that the building was so heavily damaged by fire that it was uninhabitable and should be razed for the health and safety of the citizens of Little Rock. Appellant also offered to testify that he had complied with the resolution, but the court refused to allow him to do so, and further refused to admit in evidence the notice and the copy of the resolution. The sole question involved in this appeal is whether the court's refusal to admit this evidence and to give its instruction based thereon was proper.

Although we find no case where this Court has been called on to so state, the general rule governing cases involving the question of total or partial loss wherein condemnation is concerned is set out in 45 C. J. S., § 913, 1008, as follows: "The rule . . . is that if, by reason of public regulations rebuilding is prohibited, the loss is total, although some portion of the building remains which might otherwise have been available in rebuilding; also, if the insured building is so injured by the fire as to be unsafe and is condemned by the municipal authorities the loss is total. It has been held that such an order of condemnation is not conclusive on either insurer or insured, and that, if the condemnation was caused by conditions having no connection with the fire, insurer is liable only for the part destroyed by the fire, although it has also been held that a fire, which,

combined with antecedent defects, renders a building incapable of repair under building ordinances creates a total loss.''

Both appellant and appellee presented other evidence to support their respective contentions of total and partial loss. We see no reason why the evidence drawn in question should not also be considered by the jury in deciding if the loss was total. We have examined a number of cases where the facts are almost identical with those here and in each case similar evidence was admitted and allowed to be considered by the jury. *Feinbloom* v. *Camden Fire Insurance Assn.*, 54 N. J. Super. 541, 149 A. 2d 616; *Firemen's Ins. Co.* v. *Houle*, 96 N. H. 30, 69 A. 2d 696, 13 A.L.R. 2d 612; *Fidelity & Guaranty Ins. Corp* v. *Mondzelewski*, 49 Del. 306, 115 A. 2d 697; *A. H. Jacobson Co.* v. *Commercial Union Assur. Co.*, 83 F. Supp. 674; *Scanlan* v. *Home Ins. Co.*, Tex. Civ. App., 79 S. W. 2d 186; *Security Ins. Co.* v. *Rosenberg*, 227 Ky. 314, 12 S. W. 2d 688.

Reversed and remanded.