**Thomas E. NELSON, Appellant,**

v.

**The CITY OF McGEHEE; Rosalie S. Gould; Jim D. Harris, Appellees.**

**No. 88–2024.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1989.

Decided May 26, 1989.

Charles S. Gibson, Dermott, Ark., for appellant.

Gibbs Ferguson, McGehee, Ar & Paul Schiffer, Houston, Tex., for appellees.

Before McMILLIAN, ARNOLD and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Thomas E. Nelson, former Assistant Chief of Police for the City of McGehee, Arkansas, appeals from a final order entered in the United States District Court[1] for the Eastern District of Arkansas, granting summary judgment and dismissing his 42 U.S.C. § 1983 complaint. Appellees are the City of McGehee, Arkansas, McGehee Mayor Rosalie S. Gould, and McGehee Chief of Police, Jim D. Harris.

For reversal, Nelson argues that the district court erred in granting summary judgment because there were genuine, triable issues of material fact. Fed.R.Civ.P. 56(c). We disagree and affirm for the reasons set forth herein.

A motion for summary judgment should be granted if, viewing the evidence in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) *(Anderson)*. "The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248, 106 S.Ct. at 2510 (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968) *(Cities Service)*). Only disputes over facts that may affect the outcome of the lawsuit under the governing substantive law will properly preclude the entry of summary judgment. *See generally* 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2725, at 93–95 (1983).

Nelson, an at will employee, alleged in his complaint that he was deprived of a liberty interest because appellees discharged him for a stigmatizing reason without due process, i.e., a pre-termination "name clearing" hearing. *See Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972) *(Roth)*; *Hogue v. Clinton*, 791 F.2d 1318, 1322–23 (8th Cir.), *cert. denied*, 479 U.S. 1008, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986). The specific reason for Nelson's discharge was a sexual harassment charge brought against Nelson by Barbara Clark, a police officer employed by the City of McGehee. Nelson contends that appellees made the sexual harassment charge public with the intent to injure him.

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

■ The essential requirements of due process in this case are notice of the charge and an opportunity to be heard. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) *(Loudermill)* (citations omitted); *Roth*, 408 U.S. at 573, 92 S.Ct. at 2707. Mere publication of a false stigmatizing reason for discharge, intentional or otherwise, is not actionable under § 1983 unless the injured party was denied the opportunity to refute the charge. *Roth*, 408 U.S. at 573, 92 S.Ct. at 2707. It is the denial of due process, not the alleged defamation *per se*, which triggers a federal cause of action. *See Paul v. Davis*, 424 U.S. 693, 709–12, 96 S.Ct. 1155, 1164–66, 47 L.Ed.2d 405 (1976) (interest in reputation alone not a liberty or property interest protected by fourteenth amendment). The purpose of the pre-termination hearing is to provide an "initial check against mistaken decisions" and to determine "whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Loudermill*, 470 U.S. at 545–46, 105 S.Ct. at 1495 (citations omitted). By no means does the hearing correctly and finally determine the validity of the reason given for termination. *See id.*

■ In their motion for summary judgment, appellees argue that Nelson received all the process he was due in his hearing before Chief Harris and in his subsequent hearing before the city council which was chaired by Mayor Gould. Nelson, in his response to appellees' motion for summary judgment, did not deny that he received both a pre-termination and a post-termination hearing. Rather, Nelson alleged that the hearings were constitutionally defective because a conspiracy existed between Harris and Gould to force Clark to falsify sexual harassment charges against him so that appellees could use the charges as a pretext for his termination. Consequently, Nelson argues, the hearings were unmeaningful and constituted a denial of due process.

Attached to appellees' motion for summary judgment are the depositions of Harris and Gould. In his deposition, Harris testified that he and Gould discussed at length what action should be taken in response to the sexual harassment charges against Nelson, and that the mayor advised him to give Nelson the option of resignation or termination. Harris testified, however, that he told Gould that if, after talking to Nelson, he was not satisfied that the charges were true, he would not ask Nelson to resign nor would he terminate Nelson. Harris also testified that he contacted two independent witnesses to the alleged harassment incident prior to meeting with Nelson. Both of the witnesses said that they were present when the alleged incident took place. Although one of the witnesses said he saw Nelson touch Clark, neither heard what was said between the two. Both told Harris that Clark appeared to be visibly upset and shaken.

Gould testified that after she received Clark's allegations of sexual harassment, she notified Harris. First, Gould stated that she said to Harris, "Chief, it's my understanding because we've a book and I read the book. You have got to talk with Mr. Nelson. You got to lay this before him. You've got to give him a chance to say yes or no, and then the two of you go over all this and use your best judgment. But if, in your judgment, these allegations are true, give Mr. Nelson the opportunity to resign, and if he does not, he will have to be terminated."

Nelson, in his own deposition, stated that he requested and was granted a post-termination hearing before the city council. He also admits that following the post-termination hearing, held in executive session, the mayor announced to the public that the termination had been upheld, and that the mayor gave no other reason than "it was for the betterment of the city." *See Bishop v. Wood*, 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976) (public employee, whose position was terminable at will, not deprived of liberty interest when reason for discharge not made public).

In response to interrogatories, Nelson averred that he had no witnesses who could

or would testify that either Harris or Gould knew that Clark's charges were untrue. Nor did Nelson have any witnesses who could or would testify that Harris and Gould together contrived Clark's charges against him. The only scintilla or shred of testimony he was able to produce was that three or four of his witnesses would testify that after the charges were filed and either shortly before or after the hearing, Clark said: "They made me do it. They made me come back."

From the record it can be gleaned that at the time the hearing requested by Nelson was scheduled to be docketed, Clark was away at a family gathering. While it is not clear as to whom "They made me do it. They made me come back" refers, Nelson's ex-wife's deposition does shed some light on the identity of the persons to whom Clark referred. She stated that "Clark said, 'They called me back from my relatives and made me come back.' In Nelson's request for the hearing, he had asked for Clark to be present. This evidence does not in any way support Nelson's allegations of conspiracy. Rather, it suggests that Clark was required to return in order to appear at the post-termination hearing. On the basis of the above testimony, the district court found no support for Nelson's allegations of conspiracy. We agree with the district court's conclusion that Nelson presented no evidence of a conspiracy.

To create a genuine issue of conspiracy, Nelson had to point to at least some facts which would suggest that appellees "reached an understanding" to violate [his] rights. *Myers v. Morris*, 810 F.2d 1437, 1454 (8th Cir.) (*Myers*), *cert. denied,* — U.S. ——, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987). *See also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142 (1970). The *Myers* court also noted that in *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir.1985) (citations omitted) this circuit held that "allegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a meeting of the minds" directed toward an unconstitutional action." 810 F.2d at 1454. Moreover, while the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial, there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510–11; *Cities Service*, 391 U.S. at 288–89, 88 S.Ct. at 1592–93. Where the non-moving party has the burden of proof at trial on the fact in issue, as in the instant case, and fails to make a sufficient showing to establish an essential element of that party's case, entry of summary judgment is mandated. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

Here, while it is true that appellees have the burden of showing that there is no genuine issue of material fact, this in no way relieved Nelson of his own burden of producing, in response to appellees' motion for summary judgment, evidence that would support a jury verdict. Nelson cannot and will not be allowed to discharge his burden by not offering any significant probative evidence tending to support his conclusory allegations of a conspiracy.

Accordingly, the judgment of the district court is affirmed.

Given our disposition of the case, appellees' motion to strike portions of appellant's reply brief is denied as moot.