**Edith WADE, William Wade, Appellants,**

v.

**James BLASINGAME, Morris Bowles, Warner Calhoun, Dero Downing, Ed Fitzpatrick, Jim Hall, James Handley, Charles Harper, Steve Huddleston, Larry King a/k/a Jerry King, Jack Knox, Charles Kupfunrer, Tom Lee, Daniel Oldham, Robert Speer, James Stallcup, Perry Webb, Warren Williams, Appellees.**

No. 90–2366EA.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1991.

Decided April 30, 1991.

Rehearing and Rehearing En Banc Denied June 18, 1991.

Edith and William Wade, pro se.

Richard Pence, Jr., Asst. U.S. Atty., and Olan Reeves, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before McMILLIAN, FAGG, and MAGILL, Circuit Judges.

PER CURIAM.

Edith and William Wade brought this civil rights action against certain federal, state, and county law enforcement officials

after the Wades' house burned to the ground when the officials used an accelerant to dislodge a fugitive harbored inside. Investigations conducted after the fire, however, showed the fugitive died of a gunshot wound before the fire started. Basically, the Wades' theory is that the officials are not entitled to qualified immunity because they intentionally set the house on fire knowing the fugitive was dead. The district court disagreed and granted summary judgment in favor of the officials. We affirm.

We review a grant of summary judgment de novo using the same standard applied by the district court. *McCuen v. Polk County, Iowa,* 893 F.2d 172, 173 (8th Cir.1990). To defeat a motion for summary judgment, the nonmoving party must show a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the [Wades'] position will be insufficient; there must be evidence on which the jury could reasonably find for the [Wades]." *Id.* at 252, 106 S.Ct. at 2512.

In an earlier suit, the renter of the Wades' house filed a similar claim against various officials, some of whom are defendants in this action. In that case, this court affirmed summary judgment for the officials because the renter failed to establish a factual issue concerning the officials' knowledge of the fugitive's death before the fire was started. *Ginter v. Stallcup,* 869 F.2d 384, 388–89 (8th Cir.1989). Although our decision in *Ginter* does not preclude this action, the legal conclusion that the officials cannot be held liable absent a showing they knew of the fugitive's death before causing the fire is binding precedent. *See Bissonette v. Haig,* 776 F.2d 1384, 1390 (8th Cir.1985), *aff'd on rehearing,* 800 F.2d 812 (8th Cir.1986) (en banc), *aff'd for absence of quorum,* 485 U.S. 264, 108 S.Ct. 1253, 99 L.Ed.2d 288 (1988).

Our review of the record convinces us the Wades failed to raise a genuine issue of material fact about the officials' knowledge of the fugitive's death. In op-

position to the motion for summary judgment, the Wades submitted the affidavit of a private investigator to support their theory the officials entered the house after shooting the fugitive, spread an accelerant throughout the house, and then started the fire to destroy the house. The admissible portions of the investigator's affidavit, however, are not inconsistent with the officials' version that the fire started when they attempted to flush out the fugitive with tear-gas grenades and smoke canisters after pouring an accelerant into the house. Thus, as we view the record, the Wades have offered no "significant probative evidence" to support their version of how the fire started. *Nelson v. City of McGehee,* 876 F.2d 56, 59 (8th Cir.1989).

Accordingly, we affirm.