966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Sylvester JONES, Appellant,
v.
Donna CHECKETT, Director, Missouri Department of Social
Services, Division of Medical Services; Missouri Department
of Social Services, Division of Medical Services; Booker
Thomas; Dr. Pushpa Gursahoni; Sarah Layen; Robert
Johnson, Appellees.
 No. 91-3124.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 3, 1992.
Filed: June 10, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sylvester Jones appeals from the dismissal of his civil rights complaint. We affirm.
 
 
 2
 On August 22, 1990, Jones filed a complaint in the Western District of Missouri, naming as defendants: the Missouri Department of Social Services, Division of Medical Services (MDSSDMS); Donna Checkett, Director of MDSSDMS; Booker Thomas, Vice-President of St. Louis Regional Health Care Corporation (SLRHCC); Robert Johnson, President of SLRHCC; Sarah Layen, Director of the Lilian Courtney Clinic (LCC) in St. Louis; and Pushpa Gursahoni, a doctor at LCC. He alleged that defendants Gursahoni, Thomas, Layen, Checkett, and MDSSDMS conspired to deprive him of his right to medical treatment; that by requiring individuals to sign release forms, all the defendants had conspired to deny surgery to the poor and members of the underclass; that the defendants conspired to violate his right to enforce the provisions of his Medicaid contract in contravention of 42 U.S.C. §§ 1981, 1982; and that SLRHCC's refusal to provide him with medical treatment violated his Eighth Amendment right to be free from cruel and unusual punishment, and provided grounds for claims under 42 U.S.C. §§ 1983, 1985(3). Jones sought $2.8 million from each defendant, $10.6 million in punitive damages, and an order prohibiting defendants from continuing their discriminatory practices.
 
 
 3
 Defendants Thomas, Gursahoni, and Layen answered Jones' complaint by denying his allegations and by asserting that the complaint failed to state a claim for relief. Defendants Checkett and MDSSDMS moved to dismiss Jones' complaint and to revoke his IFP status. Defendants pointed out that the District Court for the Eastern District of Missouri, en banc, had entered an order limiting Jones' right to file IFP complaints based on its finding that Jones had abused the judicial process by filing numerous meritless lawsuits, In re Sylvester Jones (E.D. Mo. June 17, 1988) (en banc), and argued that Jones had failed to comply with the order in several respects.
 
 
 4
 The district court[1] subsequently dismissed, on Eleventh Amendment grounds, Jones' claim for damages against MDSSDMS and Checkett in her official capacity. The court further determined that Jones failed to state a claim under sections 1981, 1982, or 1985(3) against Checkett in either her official or individual capacity, but concluded Jones had alleged a section 1983 claim for injunctive relief against Checkett in her official capacity. The court transferred that claim to the Eastern District pursuant to 28 U.S.C. § 1404(a). As for the claims against Thomas, Gursahoni, and Layen, the court concluded that Jones had not pleaded sufficient facts to establish an infringement of any federally protected right, and dismissed the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). The court dismissed the complaint against Johnson under Federal Rule of Civil Procedure 4(j).
 
 
 5
 After the transfer, the district court[2] granted Checkett's motion to revoke Jones' IFP status based on the Eastern District's en banc order. The court found that Jones's complaint failed to allege in clear and specific language that he had recently been subjected to a constitutional deprivation by reason of extraordinary and irreparable physical harm, and noted that Jones had failed to support his complaint with affidavits as the en banc order required. The court gave Jones thirty days to pay the filing fee and warned that the failure to comply would result in dismissal. Jones did not pay the fee, and on August 30, 1991, the district court dismissed the action without prejudice.
 
 
 6
 On appeal, Jones argues that the district court erred by dismissing most of his claims and by transferring his section 1983 claim against Checkett to the Eastern District. Jones also contends that the district court erred by revoking his IFP status and dismissing his remaining claim pursuant to the en banc order. Robert Johnson has moved to dismiss the appeal as to him. Jones opposes the motion.
 
 
 7
 Upon review of the record, we conclude that the district court correctly dismissed the complaint against MDSSDMS and Checkett in her official capacity on Eleventh Amendment grounds. See Kentucky v. Graham, 473 U.S. 159, 167 & n.14 (1985); Pennhurst State Sch. & Hosp. v. Haldermann, 465 U.S. 89, 98-102 (1984). We also agree with the district court's conclusion that Jones' conspiracy claim against Checkett did not allege specific facts to suggest that defendants had reached an agreement to violate his rights. See Nelson v. City of McGehee, 876 F.2d 56, 59 (8th Cir. 1989). The conspiracy allegations against Gursahoni, Layen, and Thomas were correctly dismissed because of the same deficiencies. Id. The other allegations against Gursahoni, Layen, and Thomas were also insufficient to state claims under 42 U.S.C. §§ 1981, 1982, and 1983. We construe the district court's order as a dismissal of these claims under Federal Rule of Civil Procedure 12(b)(6) and affirm on that basis. See Huelsman v. Civic Center Corp., 873 F.2d 1171, 1174 (8th Cir. 1989).
 
 
 8
 Similarly, we reject Jones' claim that the district court abused its discretion by transferring his section 1983 claim against Checkett to the Eastern District pursuant to 28 U.S.C. § 1404(a). See Arkla Exploration Co. v. Texas Oil & Gas Corp., 734 F.2d 347, 353 (8th Cir. 1984), cert. denied, 469 U.S. 1158 (1985). We also hold that the district court acted within its authority by revoking Jones' IFP status and dismissing his complaint for his failure to comply with the restrictions imposed upon his IFP rights by the Eastern District's en banc order. See, e.g., In re Tyler, 839 F.2d 1290 (8th Cir. 1988) (per curiam); Peck v. Hoff, 660 F.2d 371 (8th Cir. 1981) (per curiam). We deny Johnson's motion to dismiss the appeal against him because our review of the record reveals that the United States Marshal, acting pursuant to the district court's order, served Johnson by certified mail. Nevertheless, we affirm the judgment of dismissal without prejudice against Johnson because the complaint fails to state a claim against him. See Lane v. Peterson, 899 F.2d 737, 742 (8th Cir.), cert. denied, 111 S. Ct. 74 (1990). Finally, we note that Jones has raised in his brief a number of other matters regarding orders issued during the course of this case. These matters do not provide grounds for reversal or merit further discussion.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri