5 F.3d 531
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Nathanial C. BURGS, Plaintiff-Appellant,
v.
IOWA CITY, IOWA; Iowa City Police Department; R. J.
Winkleheke, Police Chief, Iowa City Police Department; Paul
Supple, sued as Detective, Iowa City Police Department;
Jerry Knock, sued as Detective, Iowa City Police Department;
Dan Moore, sued as Detective, Iowa City Police Department;
Duffy, sued as Officer Duffy, Iowa City Police Department;
Patrick Harney, sued as Captain Patrick Harney, Iowa City
Police Department; Kibbee, sued as Officer Kibbee, Iowa
City Police Department; Sladek, sued as Magistrate Sladek;
H. Delanoit, sued as Assistant County Attorney, Johnson
County; Linda McGuire, sued as Assistant County Attorney,
Johnson County; J. Patrick White, sued as Johnson County
Attorney; Mike Wallace, sued as Assistant Attorney General,
State of Iowa; Thomas Miller, sued as Attorney General,
State of Iowa, Defendants-Appellees,
Widmer, Sgt., Iowa City, Iowa; Steffen, Officer,
Defendants-Appellees.
 No. 93-1291.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 9, 1993.
Filed: September 14, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Nathanial C. Burgs, an Iowa inmate, appeals from the District Court's[1] order granting defendants summary judgment in this 42 U.S.C. Sec. 1983 action.
 
 
 2
 Burgs filed this action against Iowa City, the Iowa City Police Department, and numerous Iowa City police officials. Burgs claimed defendants violated his constitutional rights when they questioned him about a string of local burglaries, arrested him, searched and seized his property, and conspired with his parole officer. He also claimed defendants falsely arrested him, maliciously prosecuted him, and slandered him. He claimed Iowa City and the Iowa City Police Department failed to adequately train and supervise their personnel, and defendants abandoned proper police procedures, fabricated false evidence about him, and conspired to deprive him of his rights.
 
 
 3
 The District Court dismissed the complaint as frivolous as to some defendants, and ordered service of process on others. The remaining defendants answered, and later filed a supported motion for summary judgment. When Burgs did not respond to the summary judgment motion, the District Court sua sponte granted him an extension. Burgs still filed no response within the extension, and the District Court granted defendants' motion.
 
 
 4
 We review for abuse of discretion the dismissal of an in forma pauperis complaint as frivolous under 28 U.S.C. section 1915(d). See Denton v. Hernandez, U.S., 112 S. Ct. 1728, 1734 (1992). A district court must consider whether a complaint is frivolous before it grants in forma pauperis status to a plaintiff. See Gentile v. Missouri Dep't of Corrections and Human Resources, 986 F.2d 214, 217 (8th Cir. 1993). Burgs challenges the dismissal as to defendants Duffy, Moore, and Harney, but his claims against them are based on the kind of "indisputably meritless legal theory" envisioned by the Supreme Court. Neitzke v. Williams, 490 U.S. 319, 327 (1989). The District Court did not abuse its discretion in dismissing these defendants.
 
 
 5
 "When a motion for summary judgment is made and supported ..., an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (per curiam). Additionally, Burgs was required to respond to the motion within fourteen days after the defendants' motion was served. Fed. Local Ct. Rules, S.D. Iowa Rule 14(f). From the record, it appears defendants served their motion on October 8 and filed it October 20. The District Court sua sponte granted Burgs until November 4 to respond, yet Burgs failed to do so. Consequently, contrary to Burgs's contention, the District Court did not err in ruling on defendants' motion at the time it did.
 
 
 6
 "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Here, we agree with the District Court that there was no genuine issue of material fact and no reasonable jury could decide in Burgs's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986).
 
 
 7
 Burgs's allegations were vague and unsubstantiated. He stated that defendants conspired against him when they arrested him, searched his home and car, and made slanderous statements about him, but he did not allege a meeting of minds among defendants, and he did not demonstrate how any defendant violated his constitutional rights. See Nelson v. City of McGehee, 876 F.2d 56, 59 (8th Cir. 1989) (citing Myers v. Morris, 810 F.2d 1437, 1454 (8th Cir. 1987)). Burgs also failed to allege facts or present evidence supporting his conclusory assertion that Iowa City and the Iowa City Police Department failed to adequately train their personnel. Moreover, defendants produced evidence that the state court in Burgs's criminal proceedings had already determined that the arrest, search, and seizures were based on probable cause, that there was substantial evidence to support the charges against Burgs, and that defendants did not conspire against him. Defendants correctly argued the state court judgments are entitled to preclusive effect. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Defendants also correctly stated that the statute of limitations barred Burgs's claims about events that occurred more than two years before he filed the instant section 1983 action. See Kaster v. Iowa, 975 F.2d 1381, 1382 (8th Cir. 1992) (per curiam) (citing Wycoff v. Menke, 773 F.2d 983, 984 (8th Cir. 1985), cert. denied, 475 U.S. 1028 (1986)). Defendants further correctly argued that Burgs's allegations of defamation were insufficient to state a claim under section 1983. See Paul v. Davis, 424 U.S. 693, 709-12 (1976) (interest in reputation alone is not a liberty or property interest protected against state deprivation by the Fourteenth Amendment); Nelson, 876 F.2d at 58 (denial of due process, not alleged defamation, triggers federal cause of action). We therefore conclude that the District Court did not err in entering summary judgment for defendants. We also deny Burgs's motion on appeal to disqualify defendants' counsel.
 
 
 8
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa