**Kevin M. and Ellen G. DUGAN, Plaintiffs,**

v.

**METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, Defendant.**

**No. LR–C–93–683.**

United States District Court, E.D. Arkansas, Western Division.

May 5, 1994.

Michael A. Skipper, Little Rock, AR, for plaintiffs Kevin M. Dugan and Ellen G. Dugan.

C. Alston Jennings, Jr., Wright, Lindsey & Jennings, Little Rock, AR, for defendant Metropolitan Property and Liability Ins.

Patrick J. Goss, Alston Jennings, Wright, Lindsey & Jennings, Little Rock, AR, for defendant Metropolitan Property and Cas. Ins. Co.

### ORDER

HENRY WOODS, District Judge.

The plaintiffs, Kevin M. and Ellen G. Dugan, have submitted a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[1] For the reasons that follow, the motion is granted.

The plaintiffs have filed a statement of the undisputed facts as required by Local Rule C–10(a). Those facts, while undisputed, do not adequately outline all the relevant facts. Thus, the Court has examined the other pleadings and exhibits to identify all the relevant facts. Those facts follow:

1. The plaintiffs own a residence at 13115 Pleasant Forest Drive in Little Rock, Arkansas.

2. In April of 1993, they bought a fire insurance policy for the residence from defendant, Metropolitan Property and Liability Insurance Company. The policy insured the residence for $97,000.

3. On July 10, 1993, the residence burned.

4. Thereafter, an employee of Metro Builders and Restoration Specialists ("Metro"), Chris Cummings, made a preliminary estimate of the damage to the residence. His inspection was apparently made on behalf of defendant. He estimated that it would cost $79,370.00 to restore the residence to its condition before the fire.

5. In August, a second estimate was made by Don Collie, Jr., of Metro. He estimated that it would cost $73,033.39 to restore the residence to its condition before the fire.

6. The plaintiffs disagreed with the Metro estimates. When defendant refused to pay the policy limits, i.e., $97,000.00, the plaintiffs sued for that amount less a $250.00 deductible.

7. In November, they retained the services of Robert Norwood ("Norwood"), a licensed contractor working in the Little Rock area. He inspected the residence and has now provided an affidavit, a portion of which follows:

> Affiant states that, in his professional opinion, at the time of his inspection there was very little damage to subjects['] residence which was not directly caused by effects of the fire which occurred on or about [July] 10, 1993.

8. During the months following the fire, Jimmy Pritchett, Code Enforcement Officer for the City of Little Rock ("City"), conducted an inspection of the residence on behalf of the City. A portion of his affidavit follows:

> The prescribed duties for my position include inspecting houses which have been damaged by fire, issuing warning notices, notices of intent to condemn and in and when conditions require recommending demolition to the proper city authorities.

> I inspected the residence located at 13115 Pleasant Forest Drive, Little Rock, Arkansas and carefully examined and observed the damaged caused by the fire. Shortly thereafter I sent to the owners of the property a warning notice, filed with the Pulaski County Circuit Clerk and Recorder under instrument 93–47147.

> ... I and my staff recommended condemnation solely because of damage caused by the fire.

---

1. Such a motion should be granted if, "viewing the evidence in the light most favorable to the non-moving party, 'there is no genuine issue as to any material fact and if the moving part[ies] [are] entitled to judgment as a matter of law.'" *Nelson v. City of McGehee,* 876 F.2d 56, 57 (8th Cir.1989) (citation omitted). The non-moving party is given the benefit of every favorable factual inferences. *Holloway v. Lockhart,* 813 F.2d 874 (8th Cir.1987). "Only disputes over facts that may affect the outcome of the lawsuit under the governing substantive law will properly preclude the entry of summary judgment." *Nelson v. City of McGehee,* 876 F.2d at 57.

9. On the basis of that recommendation, the City passed an ordinance on December 21 condemning the residence. *See* Ordinance 16,563. The City did so because the condition of the residence posed a serious structural, fire, and health hazard.

■ As defendant notes, the question at bar is whether, given the facts found by the Court, the plaintiffs' residence was a total loss. Whether a residence is a total loss is typically a question of fact. In this case, however, the Court finds as a matter of law that the residence was a total loss and, thus, the plaintiffs are entitled to the policy limits, less the deductible and any amounts received to date. This finding is built upon the City's decision to condemn the residence.

The plaintiffs rely upon *Taylor v. Aetna Casualty and Surety Company*, 232 Ark. 981, 341 S.W.2d 770 (1961), for the proposition that the City ordinance rendered the residence a total loss. In that case, a home owned by Taylor, and insured by Aetna, burned. He maintained that the home was a total loss; Aetna disagreed and tendered an amount less than the full value of the policy. Taylor sued Aetna. He buttressed his position by noting that the City had made a determination that his home should be razed because it was so heavily damaged by the fire. He attempted to introduce evidence of the City's determination during the trial but the trial court blocked his attempt. Taylor appealed, and the state Supreme Court agreed that the evidence should have been admitted. In drawing that conclusion, the court articulated the governing rule:

Although we find no case where this Court has been called on to so state, the general rule governing cases involving the question of total or partial loss wherein condemnation is concerned is set out in 45 C.J.S. Insurance 913, p. 1008, as follows: "The rule * * * is that if, by reason of public regulations rebuilding is prohibited, the loss is total, although some portion of the building remains which might otherwise have been available in rebuilding; also, if the insured building is so injured by the fire as to be unsafe and is condemned by the municipal authorities the loss is total. It has been held that such an order

of condemnation is not conclusive on either insurer or insured, and that, if the condemnation was caused by conditions having no connection with the fire, insurer is liable only for the part destroyed by the fire, although it has also been held that a fire, which, combined with antecedent defects, renders a building incapable of repair under building ordinances creates a total loss."

*Id.* at 771.

Defendant understandably emphasizes the passage from *Taylor* which provides that "an order of condemnation is not conclusive on either insurer or insured, ..." The passage is persuasive and should be applied if it is applicable. The apparent justification for the passage is taken from C.J.S. and is quoted in *Taylor*: "if the condemnation was caused by conditions having no connection with the fire, insurer is liable only for the part destroyed by the fire, ..." Thus, the courts applying the passage were apparently concerned that the condemnation may have been caused by conditions not related to the fire. That concern is consistent with the concern voiced in the C.J.S. citation for the passage: *Security Insurance Co. v. Rosenberg*, 227 Ky. 314, 12 S.W.2d 688 (1928).

This fire caused an incredible amount of damage. As evidence of that, defendant admits that it will cost $73,033.39 to restore the residence. The City found that the condition of the residence posed a serious structural, fire, and health hazard and, therefore, condemned it. Norwood's affidavit establishes that the condition was caused almost entirely by the fire. The concern expressed in *Taylor* and *Rosenberg* is therefore not present in this case, and the passage relied upon by defendant is not applicable. The Court applies that portion of *Taylor* which provides that "if the insured building is so injured by the fire as to be unsafe and is condemned by the municipal authorities, the loss is total." This residence was so injured by the fire as to be unsafe and was condemned by the City; it is therefore a total loss.

The plaintiffs' motion for summary judgment is granted. They are ordered to submit a proposed judgment awarding them the policy limits, less the deductible and any

amounts received to date. This proposed judgment shall be submitted to the Court by the close of business on May 19, 1994.

IT IS SO ORDERED.