# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3046

_____

| | | |
|---|---|---|
| Larry Ellett, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Big Red Keno, Inc., a Nebraska | * | |
| gaming corporation; Strategic | * | |
| Staff Management, Inc., a Nebraska | * | |
| Personnel corporation; Mike | * | |
| Roseland, principal corporate official | * | Appeals from the United States |
| of Strategic; Gregory D. Erwin, | * | District Court for the |
| principal stockholder, director and | * | District of Nebraska |
| president of Big Red Keno, Inc.; Dan | * | |
| Pankow, Operations Manager; Mark | * | [UNPUBLISHED] |
| Munger, Director of Operations; | * | |
| Gary Vander Woude, Secretary and | * | |
| Treasurer; Big Red Keno Limited, a | * | |
| Partnership; Alan Baer, owners and | * | |
| stockholders; Ted Baer, Principal | * | |
| owner and stockholder, | * | |
| | * | |
| Appellees. | * | |

_____

No. 98-3694

_____

| | |
|---|---|
| Larry Ellett, | * |
| | * |

              Appellee,                    *
                                           *
       v.                                  *
                                           *
Big Red Keno, Inc., a Nebraska            *
gaming corporation; Strategic Staff       *
Management, Inc., a Nebraska              *
Personnel corporation; Mike               *
Roseland, principal corporate             *
official of Strategic; Gregory D.         *
Erwin, principal stockholder,             *
director and president of Big Red         *
Keno, Inc.; Dan Pankow,                   *
Operations Manager; Mark Munger,          *
Director of Operations; Gary              *
Vander Woude, Secretary and               *
Treasurer; Big Red Keno Limited, a        *
Partnership; Alan Baer, owners and        *
stockholders; Ted Baer, Principal         *
owner and stockholder; Jeffrey A.         *
Silver,                                    *
                                           *
              Appellants.                  *
                                           *
                          _____

               Submitted:  March 21, 2000

                  Filed:  July 21, 2000
                          _____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
       Judges.
                          _____

PER CURIAM.

In these consolidated appeals, Larry Ellett appeals from the final judgment entered in the District Court[1] for the District of Nebraska in his employment discrimination action (Appeal No. 98-3046), and defendants appeal the district court's subsequent denial of attorney's fees and sanctions (Appeal No. 98-3694). For reversal, Ellett argues that summary judgment was improper and that he was denied procedural due process and equal protection in the proceedings below by certain pretrial rulings and discovery orders. For the reasons discussed below, we affirm the district court's grant of summary judgment and denial of attorney's fees and sanctions.

Ellett was formerly an employee of Strategic Staff Management, Inc., a Nebraska personnel corporation that leased employees to Big Red Keno, Inc., and Big Red Keno, Ltd., respectively a Nebraska gaming corporation and a partnership (hereinafter, collectively referred to as "Big Red"). Viewed in the light most favorable to Ellett, see Lynn v. Deaconess Med. Ctr.-W. Campus, 160 F.3d 484, 486 (8th Cir. 1998), the evidence established that throughout Ellett's employment at Big Red, he was subjected to a working environment in which sexual jokes, pornography, office affairs and flirtations, and the display of "sex toys" were commonplace. Ellett alleged that this atmosphere violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, as well as his civil rights, and that he was constructively discharged in retaliation for reporting this offensive conduct.

We conclude summary judgment was proper. As to Ellett's hostile-work-environment claim, Ellett is unable to establish sexual harassment based on his gender because the record shows and Ellett admitted that all employees--male and female--were subject to the same offensive workplace atmosphere. A dually offensive sexual atmosphere in the workplace, no matter how offensive, is not unlawful discrimination unless one gender is treated differently than the other. See Oncale v. Sundowner

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Offshore Servs., Inc., 523 U.S. 75, 79-80 (1998) (although Title VII's prohibition against sex discrimination protects men as well as women and harassing conduct need not be motivated by sexual desire to support inference of sex discrimination, critical issue is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of other sex are not); Stacks v. Southwestern Bell Yellow Pages, Inc., 27 F.3d 1316, 1326-27 (8th Cir. 1994) (same; court must look to totality of circumstances in assessment). As to his claim of quid pro quo sexual harassment, Ellett did not present evidence capable of proving that his submission to unwelcome advances was an express or implied condition for receiving job benefits or that his refusal to submit resulted in a tangible job detriment. See Newton v. Cadwell Labs., 156 F.3d 880, 882 (8th Cir. 1998) (prima facie elements of quid pro quo sexual harassment).

Ellett's claim that he was discriminatorily denied a promotion also fails, because Big Red promoted another male for the position for which Ellett applied, and Ellett failed to show Big Red's proffered reason for not promoting him--i.e., his accumulation of several disciplinary reports and lack of managerial skills--was pretextual. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973) (elements of prima facie case of discrimination; after employer offers nondiscriminatory reason, burden shifts to plaintiff to show proffered reason was pretextual and intentional discrimination was real reason); Bergstrom-Ek v. Best Oil Co., 153 F.3d 851, 857-58 (8th Cir. 1998) (applying McDonnell Douglas test to case involving alleged disparate treatment and termination based on sex). Because Ellett failed to show pretext, his retaliation and constructive discharge claims also fail. See Jackson v. Delta Special Sch. Dist. No. 2, 86 F.3d 1489, 1494 (8th Cir. 1996) (outlining three-stage order of proof and presumptions governing retaliatory discharge claims); cf. Hukkanen v. International Union of Operating Eng'rs Local No. 101, 3 F.3d 281, 285 (8th Cir. 1993) (constructive discharge exists where resignation was reasonably foreseeable consequence of employer's discriminatory actions).

We further conclude that Ellett failed to establish the requisite degree of state action to implicate 42 U.S.C. § 1983, see Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir. 1997) (§ 1983 plaintiff must produce evidence from which reasonable jurors could conclude private party is willing participant in joint action with state or its agents), and we find that any 42 U.S.C. § 1983 or § 1985 conspiracy claim was insufficiently supported, see Larson by Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996) (en banc) (elements of § 1985(3) action); Nelson v. City of McGehee, 876 F.2d 56, 59 (8th Cir. 1989) (§ 1983 plaintiff must show defendants reached agreement to violate his federally protected rights).  Ellett failed to present any evidence in support of his Thirteenth Amendment claim of "white slavery."

Concerning Ellett's due process and equal protection arguments, we conclude that the district court did not abuse its discretion in denying certain pretrial motions, or err in issuing certain discovery orders.  See Goldberg v. Kelly, 397 U.S. 254, 267 (1970) (fundamental requisite of due process of law is opportunity to be heard); cf. United States v. Casares-Cardenas, 14 F.3d 1283, 1286 (8th Cir.) (reviewing refusal to consider untimely pretrial motions for abuse of discretion), cert. denied, 513 U.S. 849 (1994); Solari Furs v. United States, 436 F.2d 683, 685 (8th Cir. 1971) (usual procedure is to deposit mass of original data with court for examination when condensed material is sought to be admitted).

Finally, we conclude the district court did not err in denying defendants' motion for attorney's fees and sanctions.  Ellett's former counsel's motion is denied as moot.

Accordingly, we affirm the judgment and the order of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.